UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PATRICIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-172-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JON LOWERY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Patricia Jones filed a motion for an extension of discovery deadlines and leave to disclose experts on September 27, 2019. [Record No. 24] Based on a review of the file of this action, the Court determined that a response is not needed to resolve the issues presented by the relief requested by Jones.

The plaintiff's motion relates, and indirectly responds, to Defendants Jon Lowery and the American National Red Cross' ("the defendants") pending motion for summary judgment. [Record No. 21] The defendants note in their summary judgment motion that Jones failed to provide expert witness disclosures by the Scheduling Order's [Record No. 12] September 3, 2019, deadline. [Record No. 21, pp. 2-5] They contend that they are entitled to judgment as a matter of law because Jones has missed the deadline and her claim requires expert witness testimony to proceed to trial. *Id.*

Jones acknowledges that she missed the September 3, 2019, disclosure deadline. [Record No. 24] She asserts, however, that the Court should grant leave for her to make tardy disclosures because she only intends to call *past* treatment providers as expert witnesses. *Id.*

at p. 1. Jones states that the identities of these treatment providers have already been disclosed, and the content of their opinions is borne out in past medical reports that she has provided to the defendants. *Id.* She further claims that the failure to disclose was excusable neglect because her counsel mistakenly transcribed the relevant deadline as "October 3, 2019." *Id.* at p. 2. She cites *Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003), for the proposition that tardy disclosure would be harmless and accordingly requests leave of court to excuse counsel's mistake. *Id.* at p. 1.

Rule 37 of the Federal Rules of Civil Procedure governs sanctions for failures to make discovery disclosures. It states, in relevant part, that: "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In *Sommer*, the Sixth Circuit found that a circumstance satisfying this "harmlessness" standard has two components: (1) the failure to disclose a witness must be the result of an honest mistake; and (2) the adverse litigant must already have sufficient knowledge of the identity of the witness and the witness' opinions. *Sommer*, 317 F.3d at 692. It concluded that the district court did not abuse its discretion in denying a supplemental Rule 26(a) disclosure because there was neither evidence that the failure to disclose the expert was the result of an honest mistake, "nor [evidence that] the defendants ha[d] sufficient knowledge of him or his opinions, since the first hint that he might have some involvement in the case came . . . months after the expert-disclosure deadline." *Id.*

Jones appears to allege in good faith that counsel made an honest mistake. [Record No. 24, p. 2] And although her motion does not cite to specific instances of the alleged earlier

disclosures, the record suggests that some occurred prior to the September 3, 2019, deadline. The parties' September 3 Joint Status Report indicates that the plaintiff served responses to the defendants' first set of interrogatories and requests for production on August 23, 2019. [Record No. 20] The defendants attached these responses to their pending motion for summary judgment. [Record No. 21-1] Jones' answers to interrogatories and requests for production reference "attached medical records and bills" to identify physicians who have treated her and similarly cite these care providers' treatment reports. *Id.* The defendants did not attach the actual medical records to their motion for summary judgment, but based on the record, they apparently had some knowledge of the identity of treatment providers and their respective opinions prior to the September 3, 2019 deadline.

The Court will grant, in a very limited sense, Jones' motion for leave to disclose expert witnesses. Jones may disclose, and subsequently call at trial, expert witnesses who are identified in, and whose opinions relevant to trial testimony are documented in, the responses to the interrogatories and requests for production, the accompanying medical records, and any other documents she submitted to the defendants prior to the September 3, 2019, deadline.

The Court *does not*, however, grant leave to disclose: (1) potential expert witnesses who are not identified in documents that the plaintiff submitted to the defendants prior to September 3, 2019; or (2) potential expert witnesses who were identified in documents that the plaintiff submitted to the defendants prior to September 3, 2019, but whose opinions relevant to trial testimony are not evidenced in documents that were in the defendants' possession prior to September 3, 2019. Jones should note that, under these limitations, she is not permitted to disclose, and subsequently cannot call at trial, expert witnesses whose identities and opinions have been disclosed between September 3, 2019, and the entry of this

Order. These classes of potential witnesses would not meet *Sommer's* "harmlessness" standard, and Jones cannot use such testimony to support her claim. *See* Rule 37(c)(1).

Based on the foregoing, the Court will deny the defendants' motion for summary judgment without prejudice. If the defendants believe summary judgment is appropriate after the plaintiff makes Rule 26(a) expert disclosures, they may renew their motion.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendants' motion for summary judgment [Record No. 21] is **DENIED** without prejudice.

2. Plaintiff Patricia Jones' motion for leave to disclose experts and an extension [Record No. 24] is **GRANTED**. Jones may make Rule 26(a)(2) expert witness and corresponding report disclosures for experts who have been identified in, and whose opinions relevant to expert witness trial testimony are evidenced in, documents she has submitted to the defendants prior to September 3, 2019. She may make no expert disclosures that do not comport with the restrictions outlined in this Order.

3. The Scheduling Order [Record No. 12] is amended as follows:

    a. Subject to the limitations outlined above, Jones shall make any Rule 26(a)(2) disclosures on or before **Friday, October 18, 2019**. The defendants may identify expert witnesses and provide expert witness disclosures on or before **Monday, November 18, 2019**.

    b. Close of discovery, previously set for December 2, 2019 [Record No. 12, ¶ 4], is extended through **Monday, January 6, 2020**.

c. The deadline for all dispositive motions and *Daubert* motions, previously set for January 3, 2020 [Record No. 12, ¶ 9], shall be **Monday, February 3, 2020**.

Dated: October 4, 2019.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky